The District Court erred in this case by failing to apply St. Cyr to Mr. Vukasinovic, who was advised by the immigration judge that he was ineligible for 212C relief, when really he was eligible for that relief. St. Cyr held that reasonable reliance of aliens on the availability of 212C relief. The immigration judge expressed his doubt about whether 212C relief was available or not, and he said, well, before we go to that, could I ask you something about the exchange between counsel before the immigration judge and the judge himself or herself and the client? There's this exchange where they get into a discussion about whether 212 relief is available or not. The immigration judge expresses doubt, in my perspective, but in fact says, well, if you want to brief this, you may. Roberts. Well, I respectfully disagree that that's what the immigration judge said. And so where is the misdirection, where is the bad advice to the Petitioner here in that exchange? Yes, Your Honor. And I'm going to be referring to page 92 from the excerpt of the record. What happened was, and I think it's important for the Court to understand that this was a bond hearing. This was not a hearing at which the eligibility for relief was supposed to be addressed, but it did come up. And it came up sort of in a sideways way. And at the urging of government counsel, the immigration judge advised my client that he was ineligible for 212C relief because he had already received it in the past. The immigration counsel had earlier than that characterized my client's immigration lawyer's position as being that he was eligible for 212C relief plus cancellation of removal and some hybrid. That's not the position that was taken by my client's immigration attorney. He was seeking a straight-up 212C that the judge said was not available. But in response to what the immigration judge's, I'm sorry, the immigration attorney said, the IJ invited further briefing on this hybrid claim of 212C plus cancellation of removal. Well, that's a nullity. There is no such claim that would have been non-frivolous. The claim that my client was entitled to is 212C, not a hybrid claim. And the immigration judge did not invite further briefing on whether 212C was available, if you've already received it before. Instead, this other hybrid claim. Well, where is it when the judge, I'm in these pages, I'm looking at page 92. The IJ says, well, counsel, I'll let you put your research into writing. If he's been granted 212C already, then that's the standard that he can't reapply for it. But if you want to advance some sort of unique theory combining that with cancellation, I'll give you an opportunity to do that. That's exactly correct. Combining that with cancellation of removal, which is not a valid claim. And the research that the immigration attorney said that he had done was on bond. Again, this comes up in the context of a bond hearing. Well, wait a minute. Page 90, the judge introduces this by saying, now, before we actually turn to the bond issue, counsel, you had a chance to visit the question of relief in this case. That's correct. No, it obviously refers to some earlier conversation in which they must have said, you know, let's talk about relief or think about relief. Have you had a chance to visit it? And here they go. They start talking about relief. They're not talking about bond. And they know they're not talking about bond. Well, they sort of go back and forth. But you're right. Absolutely, Your Honor. And he refers them to this relief. And what my client's immigration lawyer says is he's eligible for 212C, not some hybrid with cancellation of removal. It's the immigration attorney that says what he's claiming is 212C plus cancellation. That's not correct. Well, here's my problem with your position. And that is, you can get out from under an earlier deportation proceeding based on the failure of the IJ to warn if it is, and there's a three-pronged test, the last of which is if it's fundamentally unfair. And the basic idea is, and the sort of paradigm case for this is, the person shows up in front of the IJ. The order of deportation is entered. The IJ is entirely silent on the question of 212C. Typically, these are unrepresented people being deported. And it seems fundamentally unfair if they have the option to apply for 212C that they're not told about it as a way of waiving their deportation. I mean, that's the classic example. And that's why it's fundamentally unfair. So the question we're being asked to decide is not, in fact, whether he's entitled to 212C relief or some later version of it, which is relief from removal. We're being asked, is it fundamentally unfair? And as I read this, I don't know how unfair that was. Part of the, you know, the IJ might even have been right, although neither the IJ nor the lawyer were expressing this very clearly. And I can't quite give you the answer. It's a question that Judge Holland and I and Judge Kaczynski avoided answering in Cenotis Cruz just last fall. The question being, okay, what happens if your signs apply simultaneously for a 212C and relief from removal? The statute says you can't have a 212C and then later a cancellation of removal. I mean, the IJ is not coming out of nowhere with this. And he might be right. I don't know. Well, that may be true, Your Honor. But the — and Your Honor talked about the classic example. But there's another example, and that's the Ubaldo case that I cited in my briefs and other cases in which the immigration judge affirmatively says to the alien, you're not eligible for this relief. And then the alien acquiesces. And that's what happened in this case. And if you look at what the immigration judge says, and I think it's confusing, but if you read it carefully, you'll see that he says, you can't reapply for it, period. The immigration judge then says, if you want to apply for something else, which is this 212C plus cancellation of removal, then you can do that. But what the immigration judge clearly says, based upon the representation of government counsel, is that 212C itself is unavailable. And Mr. Vukosinovic then acquiesced. And that's why this is fundamentally unfair. But you see, the IJ might be right even independent of St. Cyr. I'm not sure, but he might be right. Well, he's not right that he's not eligible for 212C. That's wrong. He is eligible for 212C. He was at that time. Having 212C before does not make him ineligible for 212C again. But he's in removal proceedings, right? That's correct. He's in a bond hearing. So he needs not only 212C, but he also needs relief from removal? That may be true. And if he can't get relief from removal, then there's no way that he's improperly removed. The counsel has something to say to you. Thank you, Your Honor. Counsel Tinkle is the immigration attorney that we retained to assist me because I'm just a simple public defender. I don't understand all this fancy immigration stuff. You're just a country lawyer. Exactly. St. Cyr dealt with 212C, and it was in the context of removal, as I understand it. So I think we wouldn't have to address this other issue. But even if this were true, Mr. Vukosinovic did seek to reopen. And that motion, it was treated as a motion to reopen. It was denied by the immigration judge. He is now in pro per. He doesn't have a lawyer helping him. The BIA actually sets a briefing schedule. And while this appeal is pending, he is, against his will, deported. So this, I think, shows that Mr. Vukosinovic did much more than other aliens, like the one in Ubaldo, who were simply advised that the immigration judge didn't think he was eligible for relief, and the alien acquiesced, and nothing more was done. So if this is a question of exhaustion or whether it's fundamentally unfair, this guy was appealing, and they just whisked him out of the country. Even if, Your Honor's right, that the advisement is insufficient to show exhaustion, his denial of his appeal itself is an independent basis for a finding that it was fundamentally unfair. I'll just move quickly on to a couple of the other issues that we have, because I think they're interesting. I'm trying to be energetic for the Court, because we're getting late. An issue of first impression has to do with the conditional plea. The question is, are there any enforceable constitutional limitations on the government's statutory consent provision? And the answer has to be yes, because the government cannot deny consent to a conditional plea on the basis of race, or religion, or gender. And that's the same with 5K1.1, and it's the same with 3E1.1b. When what those cases addressing those other provisions say is that in addition to race, religion, gender, it's, the government may not be arbitrary in its decision whether or not to agree or file a motion or consent, which means that the reason has to be rationally related to a legitimate government end. That's how it was defined as arbitrary. And here, the government did not claim that the motion was not dispositive. It clearly was. Instead, the government counsel said, I think that this appeal has no merit, and so that's why I'm not going to consent. And this is not a legitimate government end for the government to substitute its judgment for the Court. And it's not rationally related, because it didn't deny the appeal. Instead, what's happening is that defendants are being punished for their appeal with a higher sentence. Because ultimately, they have to go to trial, and it's a bench trial. And even if it's a bench trial the way we did, where the government had no reasonable expenditure of resources, they withhold the third point, and the client ends up with a higher sentence. This is just a way of squashing, trying to punish people for appealing, which is also not a legitimate government end and certainly not rationally related. I see that I'm almost out of time. I'd like to reserve the balance, Your Honor. Well, you're over, but we'll give you a minute. Once it goes red, you're working off our time. I'm already over. I apologize, Your Honor. That's not your fault. I'll put the microphone quite low. How's this? It's very good. All right. Counsel's addressed two issues, and I will start first with the motion to dismiss being properly denied. The Court is right that the administrative remedies were here not exhausted because the IJ did not finally decide one way or another in the context of this bond hearing whether the defendant would have been eligible for discretionary relief. He invited counsel to brief it, and at that point, minutes later, the defendant jumped up and said, just remove me, and waived his right to appeal. And so that's the end of the story. And you've looked at the exact right language in the transcript. So that's one ground, one hurdle that the defendant fails, which is an independent reason to just end the first argument. The second is that the proceeding did not deny him the opportunity for judicial review. He denied himself the opportunity for judicial review because he requested removal, waived his right to appeal, and did not seek a stay. And he was represented by counsel during the BIA proceedings. There are stay provisions. He did not seek a stay. And the rule, the regulation, is that without expressly seeking a stay, you'll go ahead and get deported if it's a motion to reopen. And there's no automatic stay. Now, turning to the more substantive issue, perhaps the more interesting issue here, whether there was, in fact, a defect in the proceeding that violated his due process rights. And there wasn't. In fact, the law actually is clear that the IJ was right. ARERA Section 248 says you only get one bite at the cancellation of removal or discretionary relief apple. And this year, the Ninth Circuit or, sorry, 2006, the Ninth Circuit held in the Maldonado-Galindo case that that statute or that rule is not impermissibly retroactive. Congress expressed its intent clearly, and it had no retroactive effect. And so because Mr. Vukosinovic had received 212C relief before, he was, in fact, not eligible for any discretionary relief again. Now, we can also address the argument that's raised by counsel for the St. Cyr argument. But you don't need to even get there. But if you do want to get there, this is, as the Court said, I think, in the first argument, outside St. Cyr land. And the reason for that is because Mr. Vukosinovic went to trial. And under the Ninth Circuit's decision, 2002, the Armendariz-Montoya decision, you go to trial, there's no retroactive effect. So each of these is independent grounds to uphold the district court's denial of the motion to dismiss the indictment. The only other issue raised by counsel here is the discretion or the government's ability to decline consent to a conditional plea. Now, the government has absolute discretion whether to consent to a conditional plea or not, and we're not — this isn't a Wade situation. Wade has been applied to the 5K context and to the Third Acceptance Point context. But this is different. This is like the bench trial context, where the defendant and the government both have a right to a trial, and the government has the absolute right to consent or not to a bench trial, as in the Singer case, or to a conditional plea. But the government, this Court has realized, does have a valuable right to have the matter tried. That's the same as the defendant does. And as in the Singer case, which was cited in our 28J letter, the Supreme Court held, in the context of the government's ability to consent or not to a bench trial as opposed to a jury trial, that the government has that absolute discretion and, in fact, need not cite any reason for declining that discretion. And in a post-Wade case, the Ninth Circuit held — that's the Rays' decision, 1993 — that even where the defendant was arguing that the decision not to consent to a bench trial was based on racially motivated reasons, the government simply did not need to articulate any reason at all for declining consent to a bench trial. And the government urges that that same standard, as the statutory language is virtually identical, would apply here. If the Court has any further questions, I'd be happy to address them. Otherwise, we'll submit. Thank you. Mr. Blank, let's have a minute. Thank you, Your Honor. Just to clarify one issue. The Becker v. Gonzalez case, which apparently was issued in the last two weeks, said that an alien cannot get both cancellation of removal and 212C. So I think that's the issue that Your Honor raised. Mr. Vukosinovic acquiesced when the immigration judge said, this is not available. So I don't think it's fair to characterize him as having, you know, knowingly and intelligently waived a right to appeal, especially because during the appeal that he ended up actually asking for, he was then, against his will, deported. The issue of trial came up in the Hemm case and other cases as well, where no court is saying that just because someone goes to trial and gets convicted, that you cannot make out a case for sincere relief of actual reasonable reliance. And that's what this case shows, Your Honor. Thank you very much. Thank you very much. The case of the United States v. Vukosinovic is submitted for decision. That completes our argument calendar for both this morning and for the week. And we are now in adjournment. Thank you. Thank you.
judges: Hug, W. Fletcher, Holland